UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEY VOGEL,

                Plaintiff,

                              CIVIL CASE NO. 07-10509

v.

RICHARD CHIPMAN,              HONORABLE STEPHEN J. MURPHY, III

                Defendant.
_____/

## ORDER OVERRULING THE DEFENDANT'S OBJECTIONS AND ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The plaintiff Joey Vogel filed a suit against the defendant Richard Chipman, a Royal Oak, Michigan police officer, for violation of the plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983. The defendant filed a motion for summary judgment claiming a defense of qualified immunity, which was referred to Magistrate Judge R. Steven Whalen for a Report and Recommendation.

On August 27, 2008, the magistrate judge issued his Report and Recommendation, recommending that summary judgment be denied. The magistrate judge served the Report and Recommendation on the parties and notified the parties that any objections must be filed within ten days of service. The defendant filed timely objections. For the reasons stated below, the Court overrules the defendant's objections and adopts the magistrate judge's Report and Recommendation.

The Court's standard of review for a magistrate judge's Report and Recommendation depends upon whether a party files objections. If a party objects to portions of the Report and Recommendation, the Court reviews those portions de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). De novo review in these circumstances

requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's Report and Recommendation.  *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).  After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge.  28 U.S.C. § 636(b)(1)(c).  In this case, the defendant has filed objections to the magistrate judge's Report and Recommendation.  Accordingly, the Court has conducted a de novo review of the record.

In this case, the defendant has asserted the defense of qualified immunity.  The Sixth Circuit Court of Appeals has adopted the two-step procedure of *Saucier v. Katz*, 533 U.S. 194 (2001), for considering the question of qualified immunity.  In particular, a ruling upon a governmental actor's assertion of qualified immunity involves two questions: "(1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established." *Estate of Carter v. Detroit*, 408 F.3d 305, 310-11 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).  In the recent case of *Pearson v. Callahan*, No. 07-751, (U.S. Jan. 21, 2009), the United States Supreme Court ruled that the *Saucier* two-step procedure is no longer mandatory.  The Supreme Court recognized, however, that the procedure "is often beneficial" to courts.  *Id.* slip op. at 11.  Here, the Court finds that the *Saucier* procedure "facilitate[s] the fair and efficient disposition" of this case.  *Id.* slip op. at 17.

The plaintiff asserts that the defendant violated the plaintiff's constitutional rights under the Fourth Amendment through the alleged use of excessive force, and that this right to be free from excessive force is clearly established.  The parties agree on the legal

standard for excessive force claims, as set out in *Graham v. Connor*, 490 U.S. 386 (1989). The dispute between the parties rests on the question as to whether the particular facts of the case rise to the level of a constitutional violation.

In his Report and Recommendation, the magistrate judge found that, when considering the facts in the light most favorable to the nonmoving party, there was a genuine issue of material fact as to the reasonableness of the defendant's actions, and thus, summary judgment in the defendant's favor was inappropriate. In his objections, the defendant argues that the facts show that he did not use excessive force.

After considering the defendant's objections and conducting a de novo review of the record, the Court finds that the reasoning of the magistrate judge is sound and that his conclusions are correct. Contrary to the defendant's argument, there are genuine issues of material fact surrounding the incident in question, such as the level of the plaintiff's aggressiveness and the amount of physical force applied by the defendant. When considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party, the plaintiff. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). When considering the facts in the light most favorable to the plaintiff, the Court finds that the facts support a possible finding by a jury that there was an unconstitutional use of excessive force.

In addition, the second step of the *Saucier* procedure is satisfied, as correctly noted by the magistrate judge. The right to be free from excessive force is clearly established, and when considering the facts in the light most favorable to the plaintiff, the evidence supports a possible finding that the defendant acted in an objectively unreasonable manner in light of this clearly established right. *See Curry v. Hensiner*, 513 F.3d 570, 576 (6th Cir.

2008).

In conclusion, due to the genuine issues of material fact, this a case which presents an issue proper for consideration by the factfinder.  "[W]here . . . the legal question of qualified immunity turns upon which version of the facts one accepts, the jury, not the judge, must determine liability."  *Pouillon v. City of Owosso*, 206 F.3d 711, 715 (6th Cir. Mich. 2000) (quoting *Sova v. City of Mount Pleasant*, 142 F.3d 898, 903 (6th Cir. 1998)).

## CONCLUSION

Accordingly, after having reviewed the magistrate judge's Report and Recommendation, the defendant's objections, and the applicable portions of the record,

**IT IS HEREBY ORDERED** that the defendant's objections [docket entry #31] to the Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry #29] is **ACCEPTED and ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that the defendant's motion for summary judgment [docket entry #12] is **DENIED**.

**SO ORDERED.**

    s/Stephen J. Murphy, III    
    STEPHEN J. MURPHY, III  
    United States District Judge

Dated:  January 23, 2009

I hereby certify that a copy of the foregoing document was served upon the parties

4

and/or counsel of record on January 23, 2009, by electronic and/or ordinary mail.

                        s/Alissa Greer
                        Case Manager